
FILED
2015 May-11  AM 08:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **JEFFREY MALONE,** | ) | |
| | ) | |
| **Claimant,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No. 2:14-CV-1853-CLS** |
| | ) | |
| **CAROLYN W. COLVIN, Acting Commissioner, Social Security Administration,** | ) ) ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Claimant, Jeffrey Malone, commenced this action on September 29, 2014, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying his claim for supplemental security income benefits.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by

substantial evidence nor in accordance with applicable legal standards.  Specifically, claimant asserts that the ALJ's residual functional capacity finding was not supported by substantial evidence, and that the ALJ failed to fully and fairly develop the administrative record.  Upon review of the record, the court concludes that those contentions lack merit, and that the Commissioner's ruling is due to be affirmed.

The ALJ found that claimant suffered from the severe impairments of "degenerative osteoarthritis, lumbar spine; and obesity."[1]  Even so, claimant retained the residual functional capacity

> to perform light work as defined in 20 CFR 416.967(b) except [that] the claimant can occasionally balance, stoop, kneel, crouch, crawl[,] and climb ramps and stairs . . . ; can frequently reach in all directions with the bilateral upper extremities; must avoid unprotected heights; and must work in an environment that does not have stringent production or speed requirements.[2]

Claimant first contends that the ALJ improperly based that finding upon a non-medical source opinion that is "entitled to no weight or consideration."[3]  Claimant further contends that the ALJ should have consulted a medical examiner or, alternatively, "developed the record to obtain a new consultative examination."[4]

There is no evidence that the ALJ "adopted [the assessment of a non-medical

---

[1] Tr. 21.

[2] *Id.* 23–24 (alterations supplied).

[3] Doc. no. 10 (Claimant's Brief), at 8.

[4] *Id.*

2

source opinion] wholesale in finding [a residual functional capacity] for light work."[5]

On the contrary, the ALJ based her residual functional capacity finding upon the

consultative examination performed by a physician: Dr. Philip Badewa, M.D., Ph.D.[6]

Further,

> [t]he ALJ is not required to seek *additional* independent expert medical
> testimony before making a disability determination *if the record is*
> *sufficient and additional expert testimony is not necessary for an*
> *informed decision. Wilson v. Apfel,* 179 F.3d 1276, 1278 (11th Cir.
> 1999) (holding the record, which included the opinion of several
> physicians, was sufficient for the ALJ to arrive at a decision); *Holladay*
> *v. Bowen,* 848 F.2d 1206, 1209-10 (11th Cir. 1988) (holding the ALJ
> must order a consultative exam when it is necessary for an informed
> decision).

*Nation v. Barnhart,* 153 F. App'x 597, 598 (11th Cir. 2005) (alteration and emphasis

supplied).   Finally, claimant bears the ultimate burden of producing evidence to

support his disability claim.   *See Ellison v. Barnhart,* 355 F.3d 1272, 1276 (11th Cir.

2003) (citing 20 C.F.R. §§ 416.912(a), (c)).

The court concludes that the record in this case was sufficient, even absent any

additional consultative report or medical source statement, for the ALJ to arrive at an

informed decision.   The medical record includes numerous records from claimant's

treating providers, the report of a consultative examiner,[7] and the Physical Residual

---

[5] *Id.* (alterations supplied).

[6] Tr. 25 (citing *id.* 220–25).

[7] *Id.* 220–25.

Functional Capacity Assessment of a state agency physician.[8]

Claimant next contends that the ALJ failed to adequately consider claimant's impairments in combination.  Social Security regulations state the following with regard to the Commissioner's duty in evaluating multiple impairments:

> In determining whether your physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under the law, we will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity.  If we do find a medically severe combination of impairments, the combined impact of the impairments will be considered throughout the disability determination process.  If we do not find that you have a medically severe combination of impairments, we will determine that you are not disabled.

20 C.F.R. § 1523.  *See also* 20 C.F.R. §§ 404.1545(e), 416.945(e) (stating that, when the claimant has any severe impairment, the ALJ is required to assess the limiting effects of all of the claimant's impairments — including those that are not severe — in determining the claimant's residual functional capacity).

Here, the ALJ thoroughly discussed all of claimant's impairments, including obesity, degenerative osteoarthritis, insomnia, preglaucoma, tinnitus, hyperlipidemia, impotence, pitting edema, anxiety, and depression.[9]  Further, the ALJ entered a finding that claimant did not have an impairment or combination of impairments that

---

[8] *Id.* 240–47.

[9] *Id.* 21–24.

4

met or medically equaled one of the listed impairments.[10]  Under Eleventh Circuit law, that statement is sufficient to indicate that the ALJ properly considered all of claimant's impairments.  *See Wilson v. Barnhart*, 284 F.3d 1219, 1224 (11th Cir. 2002); *Jones v. Dept. of Health and Human Services*, 941 F.2d 1529, 1533 (11th Cir. 1991).

Claimant also contends that the ALJ's findings better comport with a "sedentary" residual functional capacity, rather than "light work."[11]  That distinction is significant because, as an individual "closely approaching advanced age," and with skills that are not easily transferable to other work, claimant would be disabled under Medical-Vocational Rule 201.10 if he were capable of only sedentary work.  *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 201.10.  Social Security regulations define "sedentary work" as follows:

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.  Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. §404.1567(a).  "Light work" is defined as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even

---

[10] *Id.* 23.

[11] Doc. no. 10 (Claimant's Brief), at 9.

though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).  Claimant's limitations — *i.e.*, "the postural restrictions in kneeling, crouching, stooping[,] and balancing," among other things — are consistent with the definition of light work.  Further the ALJ concluded that claimant's alleged inability to lift more than 25 pounds or to stand or sit for an extended period of time was not supported by the objective medical evidence in the record.  She found that claimant's "musculoskeletal pain is fairly controlled with medication,"[12] and that Dr. Philip Batewa's examination "reveal[ed] some reduced motion, but fail[ed] to confirm the claimant's allegations as to the debilitating nature of his impairment."[13]  Indeed, Dr. Batewa described claimant's back pain as "moderate" and found that it "moderately limits activities."[14]

Finally, claimant contends that the ALJ failed to properly take into account his obesity.  An ALJ's duties in evaluating the effect of a claimant's obesity on his residual functional capacity are set forth in Social Security Ruling 02-1p, which states

---

[12] Tr. 25.

[13] *Id.* 25 (alterations supplied).

[14] *Id.* 222.

6

the following:

> Obesity can cause limitation of function.  The functions likely to be limited depend on many factors, including where the excess weight is carried.  An individual may have limitations in any of the exertional functions such as sitting, standing, walking, lifting, carrying, pushing, and pulling.  It may also affect ability to do postural functions, such as climbing, balancing, stooping, and crouching.  The ability to manipulate may be affected by the presence of adipose (fatty) tissue in the hands and fingers.  The ability to tolerate extreme heat, humidity, or hazards may also be affected.

> The effects of obesity may not be obvious.  For example, some people with obesity also have sleep apnea.  This can lead to drowsiness and lack of mental clarity during the day.  Obesity may also affect an individual's social functioning.

> An assessment should also be made of the effect obesity has upon the individual's ability to perform routine movement and necessary physical activity within the work environment.  Individuals with obesity may have problems with the ability to sustain a function over time.  As explained in SSR 96-8p ("Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims"), our RFC assessments must consider an individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis.  A "regular and continuing basis" means 8 hours a day, for 5 days a week, or an equivalent work schedule.  In cases involving obesity, fatigue may affect the individual's physical and mental ability to sustain work activity.  This may be particularly true in cases involving sleep apnea.

> The combined effects of obesity with other impairments may be greater than might be expected without obesity.  For example, someone with obesity and arthritis affecting a weight-bearing joint may have more pain and limitation than might be expected from the arthritis alone.

> For a child applying for benefits under title XVI, we may evaluate the functional consequences of obesity (either alone or in combination

with other impairments) to decide if the child's impairment(s) functionally equals the listings. For example, the functional limitations imposed by obesity, by itself or in combination with another impairment(s), may establish an extreme limitation in one domain of functioning (*e.g.*, Moving about and manipulating objects) or marked limitations in two domains (*e.g.*, Moving about and manipulating objects and Caring for yourself).

As with any other impairment, we will explain how we reached our conclusions on whether obesity caused any physical or mental limitations.

SSR 02-1P, 2000 WL 628049, at *6-7.

The ALJ specifically mentioned this Ruling in her administrative decision. Furthermore, her finding of several postural and range of motion limitations indicates that she properly considered the effects of claimant's obesity. Even so, she concluded that the medical records did not reflect severe limitations in claimant's ability to perform work-related activities, even taking into consideration the additional effect of claimant's obesity. That conclusion was supported by substantial evidence.

In light of the foregoing, the court concludes the ALJ's decision was based upon substantial evidence and in accordance with applicable legal standards. Accordingly, the decision of the Commissioner is AFFIRMED. Costs are taxed to claimant. The Clerk is directed to close this file.

**DONE** this 11th day of May, 2015.

_____
United States District Judge